Zhang v. Lynch

BIA
Poczter, IJ
A200 703 839

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand sixteen.

PRESENT:
      JOSÉ A. CABRANES,
      DEBRA ANN LIVINGSTON,
      SUSAN L. CARNEY,
         *Circuit Judges.*

_____

MIN BO ZHANG, AKA MIN LIANG ZHANG,
      *Petitioner,*

      v.                    15-1291
                                 NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

FOR RESPONDENT:      Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Jennifer P. Williams, Senior Litigation Counsel; Colette J. Winston, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Bo Zhang, a native and citizen of the People's Republic of China, seeks review of a March 30, 2015, decision of the BIA affirming a September 3, 2013, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Bo Zhang,* No. A200 703 839 (B.I.A. Mar. 30, 2015), *aff'g* No. A200 703 839 (Immig. Ct. N.Y. City Sept. 3, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's finding regarding past persecution, as to which the BIA reasonably found that Zhang waived any challenge. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Family Planning Claim

It is undisputed that Zhang is not eligible for asylum solely on the basis of his wife's forced family planning procedures. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Nevertheless, he can still qualify for asylum by demonstrating that (1) he engaged in "resistance" to the family planning policy, and (2) he has a well-founded fear of suffering persecution as a direct result of his resistance. *See* 8 U.S.C. § 1101(a)(42); *see also Shi Liang Lin*, 494 F.3d at 313.

Even assuming Zhang demonstrated "other resistance" based on his expression of opposition to the family planning policy and refusal to pay the fine levied against him and his wife, *see Shi Liang Lin*, 494 F.3d at 312-13 & n.14, the agency did not err in determining that he failed to establish a reasonable possibility that officials would target him on account of that resistance because his wife, who is similarly situated to this extent, has not been arrested and remains unharmed in China despite the unpaid fine. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). The only remaining reason for Zhang to fear arrest would be for pushing a government official. The IJ did not err in concluding that such an arrest would constitute prosecution as opposed to persecution on account of a protected

3

ground.  *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992).

Because Zhang failed to demonstrate a well-founded fear of persecution on account of a protected ground, the agency did not err in denying him asylum, withholding of removal, and CAT relief insofar as those claims were based on his resistance to the family planning policy.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Political Opinion Claim

"[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."  *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  There is no merit to Zhang's contention that the agency applied a heightened burden or otherwise erred in concluding that he failed to satisfy this requirement.  *See id*. Zhang admitted that the Chinese government is not aware of his membership in the Party for Freedom and Democracy in China, which he joined while in the United States.  And he did not demonstrate a reasonable possibility that authorities are likely to become aware of his membership based solely on his participation in monthly group protests in New York.  *See Y.C.*

4

*v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best.").

Finally, the agency did not err in concluding that Zhang failed to demonstrate a pattern or practice of persecution against similarly situated individuals. Although the 2012 Department of State's Human Rights Report does not mention Zhang's political party or the Chinese government's mistreatment of its members, the IJ reasonably considered the report with respect to the treatment of members of the Chinese Democracy Party and democracy activists generally. *See Y.C.*, 741 F.3d at 333. Moreover, the IJ recognized that the report discussed the detention of several pro-democracy activists, but nevertheless reasonably found that it did not demonstrate a pattern or practice of persecution against individuals, such as Zhang, who participate in a few pro-democracy political activities abroad. *See id.* at 335.

Because Zhang failed to demonstrate that authorities are likely to become aware of his political activities in the United States or a pattern or practice of persecution of similarly situated individuals, the agency reasonably concluded that he failed to establish a well-founded fear of persecution. *See*

5

*id.* at 334-35; *Hongsheng Leng*, 528 F.3d at 142. That finding was dispositive of asylum, withholding of removal, and CAT relief insofar as those claims were based on his political activities. *See Paul*, 444 F.3d at 156-57.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6